# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VINCENT HALL-WADLEY,** *Plaintiff*, v. **MAINTENANCE DEPARTMENT,** *et al.*, *Defendants*. | **CIVIL ACTION NO. 19-193** |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                                                                   **June 27, 2019**

*Pro se* Plaintiff Vincent Hall-Wadley filed suit pursuant to 42 U.S.C. § 1983 against Defendants Maintenance Department of the Chester County Prison, maintenance supervisor Jerry Thorton, and Chester County, asserting claims of negligence and unsafe conditions of his pretrial confinement. Defendants filed a motion to dismiss Plaintiff's Complaint.[1] Upon consideration of their motion and Plaintiff's response thereto, the motion will be granted, Plaintiff's § 1983 claims will be dismissed without prejudice, and the Court will decline to exercise supplemental jurisdiction over the remaining state law claims, which will be dismissed without prejudice.

## I. BACKGROUND[2]

Plaintiff was a pretrial detainee at the Chester County Prison on December 26, 2018, when he slipped and fell coming out of the prison shower.[3] Although Plaintiff does not appear to

---

[1] Although the Maintenance Department of the Chester County Prison joined in the motion, this Defendant was dismissed with prejudice in a previous order, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Order [Doc. No. 5] at 2.

[2] The following facts, unless otherwise noted, are taken from Plaintiff's Complaint and assumed to be true for purposes of the motion.

[3] Compl. [Doc. No. 2] at 15-16.

have suffered any ongoing injuries from the incident,[4] he alleges that the conditions of the shower area had been deteriorating for an extensive period of time, which the maintenance staff and supervisor supposedly knew of but did not address.[5]

According to Plaintiff, he slipped on chips of plaster that fell from the ceiling as a result of the hot water steam from the shower.[6] He also alleges that the shower drain was stopped up, the grip strips in the shower area were worn down, and there were mold spores on the glass block tiles.[7] Defendant Thorton was supposedly aware of these deteriorating conditions over the years, but failed to adequately fix them.[8] Although Plaintiff acknowledges that the maintenance employees, who were supervised by Thorton, had been working in the shower area "at least three times a week trying to fix the [drainage] problem," Plaintiff nonetheless alleges that Defendants failed to provide for his overall safety while being held in pretrial custody.[9]

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" lacks enough substance to demonstrate that he is entitled to relief.[10] In determining whether a motion to dismiss should be granted, the court must consider only those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of

---

[4] *Id.* at 14.

[5] *Id.* at 15-16.

[6] *Id.* at 15.

[7] *Id.*

[8] *Id.* at 15-16.

[9] *Id.*

[10] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

the non-moving party.[11] As Plaintiff is proceeding *pro se*, the Court "must liberally construe his pleadings."[12]

Courts are not, however, bound to accept as true legal conclusions framed as factual allegations.[13] Something more than a mere *possibility* of a claim must be alleged; a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[14] The complaint must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."[15] Deciding a motion to dismiss, courts may consider "only allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim."[16]

### III. DISCUSSION

#### A. Federal Claims Under § 1983

Section 1983 is not a source of substantive rights, but merely a means of vindicating violations of federal constitutional and statutory rights committed by state actors.[17] A plaintiff cannot obtain redress under § 1983 without establishing an underlying violation of a federal constitutional or statutory right.[18]

Although Plaintiff alleges in his Complaint that the conditions of confinement violate his Eighth Amendment rights, the Fourteenth Amendment governs his conditions of confinement

---

[11] *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *Fay v. Muhlenberg Coll.*, No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[12] *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citation omitted).

[13] *Twombly*, 550 U.S. at 555, 564.

[14] *Id.* at 570.

[15] *Id.* at 562 (internal quotation marks and citations omitted).

[16] *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *Brown v. Daniels,* 128 F. App'x 910, 913 (3d Cir. 2005) (quoting *Lum v. Bank of Am.,* 361 F.3d 217, 222 n.3 (3d Cir. 2004)).

[17] *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995).

[18] *City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 119–20 (2005).

claim because Plaintiff was a pretrial detainee at the relevant time, and not a convicted prisoner.[19] "[U]nder the Due Process Clause [of the Fourteenth Amendment], a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law."[20] Whether a pretrial detainee has been punished generally turns on whether the conditions have a purpose other than punishment, and whether the totality of the conditions are "excessive" such that they resulted in "genuine privations of hardship over an extended period of time."[21]

A pretrial detainee's protection from punishment under the Fourteenth Amendment has been distinguished from a convicted prisoner's protection from punishment that is "cruel and unusual" under the Eighth Amendment.[22] Although it remains somewhat unclear as to what level of protection is afforded to pretrial detainees under certain claims,[23] the Third Circuit has broadly held in the context of nonmedical conditions of confinement claims that pretrial detainees "are entitled to greater constitutional protection than that provided by the Eighth Amendment."[24] Thus, cases that have analyzed convicted prisoners' constitutional deprivations

---

[19] *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005) ("[Pretrial detainees] are not yet at a stage of the criminal process where they can be punished [as defined by the Eighth Amendment] because they have not yet been convicted of anything."). In a § 1983 action with a *pro se* plaintiff, the Court must "apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999)).

[20] *Bell v. Wolfish*, 441 U.S. 520, 535–36 (1979).

[21] *Id.* at 538–39; *Hubbard*, 399 F.3d at 159–60.

[22] *Hubbard*, 399 F.3d at 166 (citing *Bell*). The Fourteenth Amendment affords pretrial detainees at least as much protection as the Eighth Amendment provides convicted prisoners. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983).

[23] *See Wharton v. Danberg*, 854 F.3d 234, 247 (3d Cir. 2017) ("The protections of the Eighth Amendment and Due Process Clauses are sometimes, but not always, the same." (quoting *Hubbard*, 399 F.3d at 164–67)).

[24] *Hubbard*, 399 F.3d at 167 n.23.

under the Eighth Amendment are helpful, but only to the extent that they address the minimum level of constitutional protection required for pretrial detainees.[25]

Plaintiff's alleged constitutional deprivations regarding his conditions of confinement may be grouped into two categories: (1) the shower area conditions resulting in his alleged slip-and-fall injuries; and (2) the unsanitary black mold located on the glass block tiles of the shower. Although Plaintiff asserts that many of these conditions existed for years, they nevertheless do not rise to the level of a constitutional violation.

### 1. Shower Area Conditions Resulting in Slip-and-Fall Injuries

Liberally construing his Complaint, Plaintiff appears to attribute his alleged slip-and-fall injuries to a stopped-up shower drain, plaster chippings from the ceiling which covered the floor on which he slipped, and worn-down grip strips in the shower area.

In the context of the Eighth Amendment, various circuit and district courts have held that although potentially hazardous, slippery prison floors do not amount to objectively cruel and unusual punishment since they are "a daily risk faced by members of the public at large."[26] Moreover, many of these courts, including the Third Circuit, have reasoned that slip-and-fall injuries stemming from slippery prison surfaces are more within the realm of ordinary

---

[25] *See Fuentes v. Wagner*, 206 F.3d 335, 344 (3d Cir. 2000) ("'[P]retrial detainees are entitled to at least as much protection as convicted prisoners, so the protections of the Eighth Amendment would seem to establish a floor of sorts.'" (quoting *Kost v. Kozakiewicz*, 1 F.3d 176, 188 n.10 (3d Cir. 1993))).

[26] *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004); *see also Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989) ("[S]lippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment."); *see also Santiago v. Guarini*, No. 03-4375, 2004 WL 2137822, at *2 (E.D. Pa. Sept. 20, 2004) (finding that a toilet and sink leak in inmate's cell, which caused a slip-and-fall injury, did not present a substantial risk to inmate's safety and were not objectively serious conditions); *Denz v. Clearfield Cty.*, 712 F. Supp. 65, 66 (W.D. Pa. 1989) (finding that a slippery floor allegedly caused by defective and inadequate ventilation system was insufficient to state an Eighth Amendment claim relating to his slip-and-fall injuries); *Robinson v. Cuyler*, 511 F. Supp. 161, 163 (E.D. Pa. 1981) (holding that a slippery kitchen floor in a prison is not hazardous enough to merit constitutional protection).

5

negligence, and thus are not sufficient to state a claim for a deprivation of an Eighth Amendment right.[27]

Although the Fourteenth Amendment provides greater protection than that of the Eighth Amendment in nonmedical conditions of confinement claims, the conditions relating to slip-and-fall injuries do not appear to rise to a Fourteenth Amendment violation either. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."[28] The Supreme Court has explicitly held that "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property."[29] The Third Circuit applied this principle to a case where a pretrial detainee claimed that correctional officers knew of flooding near the water dispensers but failed to replace them until after he was injured, which "suggested at most negligence," and not a constitutional violation.[30]

Here, based on the totality of the shower area conditions, it is clear that the prison issues allegedly resulting in Plaintiff's slip-and-fall injuries stem from, at most, Defendants' lack of due care under tort law. The Fourteenth Amendment is not a "font of tort law" to be used to convert

---

[27] *See, e.g.*, *Davis v. Superintendent Somerset SCI*, 597 F. App'x 42, 46 (3d Cir. 2015) ("With regard to [prisoner]'s claims against [prison officials] concerning the maintenance of the walkways, Eighth Amendment liability requires 'more than ordinary lack of due care for the prisoner's interests or safety.' *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Here, the allegations contained in the amended complaint, taken as true, assert a simple negligence claim at most, and thus do not state a claim of a constitutional violation under the Eighth Amendment."); *Bacon v. Carroll*, 232 F. App'x 158, 160 (3d Cir. 2007) (finding that allegations where an inmate slipped and fell on a wet floor amounted "merely to negligence" and therefore were "not actionable under § 1983").

[28] *Baker v. McCollan*, 99 S. Ct. 2689, 2695 (1979).

[29] *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (finding no cause of action where inmate slipped and fell on a pillow negligently left on stairs by correctional deputy); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986) ("The guarantee of due process has never been understood to mean that the State must guarantee due care on the part of its officials.").

[30] *Montgomery v. Aparatis Dist. Co.*, 607 F. App'x 184, 187 (3d Cir. 2015) (citing *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998)).

otherwise unremarkable state claims, such as negligence, into federal lawsuits.[31] Although in some cases the combined totality of conditions may rise to a level of a plausible constitutional claim,[32] it cannot be said here that the overall shower conditions are akin to punishment. Thus, Plaintiff has failed to raise a constitutional violation under the Fourteenth Amendment.[33]

### 2. Black Mold in the Shower

The presence of toxic mold in a prison may elicit a violation of the Eighth Amendment, but only if it has posed a substantial risk of serious harm.[34] Numerous courts in this Circuit have held that the presence of mold in the showers, without any allegations regarding harm, do not constitute an Eighth Amendment violation.[35]

Because establishing punishment under the Fourteenth Amendment also inherently necessitates a degree of harm,[36] and since Plaintiff has failed to allege that he suffered any actual harm from the black mold in the shower, he has failed to state a Fourteenth Amendment

---

[31] *Daniels*, 474 U.S. at 332.

[32] *See, e.g.*, *Burgos v. City of Phila.*, 270 F. Supp. 3d 788, 794–95 (E.D. Pa. 2017) (holding that a pretrial detainee's allegations that he was triple-celled, subjected to sleep on the floor, and exposed to filth and vermin and contracted scabies as a result, were sufficient to plausibly state a violation of his Fourteenth Amendment Due Process rights).

[33] It is equally harmful to Plaintiff's position that the maintenance staff had allegedly been working in the shower area to fix the faulty drain "at least three times a week." Compl. [Doc. No. 2] at 15. Moreover, although unsuccessful in fixing that issue before Plaintiff's slip-and-fall, the central question that stems from this condition is therefore whether Defendants exercised a proper duty of care, since the conditions themselves do not amount to punishment under the Fourteenth Amendment.

[34] *See Helling v. McKinney*, 509 U.S. 25, 35 (1993) (holding that inmates should not be "expose[d] to [contaminants] that pose an unreasonable risk of serious damage to his future health"); *Johnson v. Beard*, No. 09-886, 2014 WL 4793905, at *6 (M.D. Pa. Sept. 25, 2014) ("Toxic mold which causes [an] inmate to suffer headaches, sinus problems, blurred vision, breathing difficulty, irritated eyes and fatigue cans [*sic*] set forth a viable conditions of confinement claim." (internal quotation marks and citation omitted)).

[35] *See Stokelin v. A.C.J.F. Warden*, No. 17-3484, 2018 WL 4357482, at *2 (D.N.J. Sept. 13, 2018) (holding that plaintiff failed to allege any risk of harm stemming from black mold in the showers); *Patterson v. Quigley*, No. 16-1604, 2018 WL 1566793, at *5 (E.D. Pa. Mar. 30, 2018) ("[Plaintiff] has not pleaded that the mold made him ill or somehow affected his health, which would provide plausibility that the mold was an excessive risk to his health or safety."); *Peterkin v. Jeffes*, 661 F. Supp. 895, 915 (E.D. Pa. 1987) (finding that although mold and lime deposits in showers were unpleasant, they did not violate the Eighth Amendment since they posed no real health hazard).

[36] As noted, part of the inquiry of Fourteenth Amendment punishment involves determining whether the totality of the conditions are "excessive" such that they resulted in "genuine privations of hardship over an extended period of time." *Bell*, 441 U.S. at 538–39; *Hubbard*, 399 F.3d at 166.

7

violation for this claim. Plaintiff solely asserts that black mold exists in the shower, and suggests that it "has to be harmful."[37] Without any allegation as to suffering actual physical harm from the mold, which is required to state his federal claim,[38] Plaintiff's conditions of confinement claim regarding the black mold therefore lacks constitutional muster.

### B. Leave to Amend Federal Claims

The Third Circuit has held that in civil rights cases, the Court must allow amendment, unless doing so would be inequitable or futile.[39] The Court will therefore permit Plaintiff to file a curative amendment with respect to his § 1983 claims against Defendants Thorton and Chester County, since those claims will be dismissed without prejudice against them.

### C. Remaining State Law Claims

Because Plaintiff's federal claims under § 1983 will be dismissed due to a failure to allege any Fourteenth Amendment violation, his only remaining claims of negligence arise out of state tort law. A court "may decline to exercise supplemental jurisdiction [over state law claims] if . . . the district court has dismissed all claims over which it has original jurisdiction."[40] The decision of whether to exercise supplemental jurisdiction where a court has dismissed all federal claims is left to the court's discretion as "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right."[41] When all federal claims are eliminated before trial, "the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness,

---

[37] Compl. [Doc. No. 2] at 15.

[38] 42 U.S.C. § 1997e(e).

[39] *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007).

[40] 28 U.S.C. § 1367(c)(3).

[41] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

8

and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."[42]

Here, as the case has not progressed in federal court past the motion to dismiss stage, and the Court has developed no particular familiarity with the issues presented, the Court will decline to exercise supplemental jurisdiction over the remaining state law claims. Plaintiff's state law claims of negligence therefore will be dismissed without prejudice, and in the absence of a curative amendment to his federal claims, Plaintiff may refile his state law claims in the appropriate state court if he so chooses.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss will be granted, Plaintiff's § 1983 claims will be dismissed without prejudice, and the Court will decline to exercise supplemental jurisdiction over the remaining state law claims, which will be dismissed without prejudice. An appropriate order follows.

---

[42] *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).